UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
**OLIVE DIXON,**

      **Plaintiff,**

  v.

**BNV HOME CARE AGENCY, INC. a/k/a
BNV HOME CARE SERVICES, INC.,**

      **Defendants.**
-----------------------------------------------------------x

**INDEX NO.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Olive Dixon, by and through her attorney Law Office of Finn W. Dusenbery, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant BNV Home Care Agency, Inc. a/k/a BNV Home Care Services, Inc. ("BNV") is a New York corporation located at 96-60 Queens Blvd, Rego Park, NY 11374.

4. Defendant BNV operates a home care staffing agency that employs home care workers to provide care and assistance to elderly, disabled or sick individuals in and around New York City.

5. Upon information and belief, Defendant BNV has an annual gross volume of sales in excess of $500,000.

6. Upon information and belief, Defendant BNV has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

7. Plaintiff Olive Dixon ("Plaintiff Olive Dixon") was employed by Defendants as a home health aide.

## STATEMENT OF FACTS

8. Defendant committed the acts alleged in this Complaint knowingly, intentionally and willfully.

9. Defendant knew that nonpayment of minimum wage, overtime, spread of hours premium, and failure to provide required notices violated federal and state laws.

10. From around August 2016 to February 2019, Plaintiff was employed by Defendant as a home health aide in Queens and worked approximately five or six 24-hour shifts per week.

11. From around March 2019 to May 2019, Plaintiff was employed by Defendant as a home health aide in Queens and worked approximately three 24-hour shifts per week.

12. Plaintiff Dixon's duties generally included grooming, bathing, toileting, feeding patients, doing laundry for patients, getting patients' groceries, and turning patients in the night and changing their clothes.

13. For each 24-hour shift, Plaintiff generally worked about twenty (20) hours per shift.

14. For each 24-hour shift, Defendant only paid Plaintiff for thirteen (13) hours.

15. Defendant did not pay Plaintiff for all hours worked.

16. For the hours that Defendant did pay Plaintiff for on 24-hour shifts, Defendant generally paid Plaintiff approximately $10.38 per hour for the first forty (40) hours and then approximately $15.57 per hour above forty (40) hours per week in 2016.

17. For the hours that Defendant did pay Plaintiff for on 24-hour shifts, Defendant generally paid Plaintiff approximately $11 per hour for the first forty (40) hours and then approximately $16.50 per hour above forty (40) hours per week in 2017.

18. For the hours that Defendant did pay Plaintiff for on 24-hour shifts, Defendant generally paid Plaintiff approximately $13 per hour for the first forty (40) hours and then approximately $19.50 per hour above forty (40) hours per week in 2018.

19. For the hours that Defendant did pay Plaintiff for on 24-hour shifts, Defendant generally paid Plaintiff approximately $15 per hour for the first forty (40) hours and then approximately $22.50 per hour above forty (40) hours per week in 2019.

20. When Plaintiff was working for Defendant, Plaintiff was required to be ready and available to provide assistance to her patients as needed.

21. While Plaintiff was working for Defendant, Plaintiff was not free to leave her patients' homes.

22. Throughout her employment, Plaintiff maintained her own residence that was not the home of any of Plaintiff's patients.

23. Plaintiff generally did not get five (5) total hours of sleep on each 24-hour shift because she would have to care for or assist the patient in the middle of the night, such as by turning a patient and changing the patient's clothes or monitoring the patient.

24. On each 24-hour shift, Plaintiff's sleep was generally interrupted at least four (4) times per night in order to care for or assist her patients.

25. From around August 2016 to February 2019, Plaintiff slept on a cot in a living room without privacy and did not have a dresser or closet to put her belongings.

26. From around March 2019 to October 2019, Plaintiff slept in the same room as the patient and did not have a dresser or closet to put her belongings.

27. Defendant did not pay Plaintiff the federal or state minimum wage for all hours worked.

28. Defendant did not pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per week.

29. As set forth above, Plaintiff's workdays regularly lasted longer than 10 hours. However, Defendant did not pay Plaintiff New York's spread of hours premium when Plaintiff's workdays lasted more than 10 hours.

30. Defendants never provided Plaintiff Dixon with the notices or wage statements required by New York Labor Law § 195.

31. Plaintiff is a "Home Care Aide" within the meaning of NY Public Health Law § 3614-c.

32. Defendant is a "certified home health agency," "long term home health care program," "managed care plan" and/or "licensed home care services agency" that furnishes "home care aide" within the meaning of NY Public Health Law § 3614-c.

33. Upon information and belief, Defendant entered into contract(s) with government agencies which called for Defendant to pay Plaintiff prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c.

34. Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

35. From around August 2016 to February 2019, Plaintiff furnished labor to Defendant in furtherance of Defendant's performance of the contract(s). Nevertheless, Defendant willfully paid Plaintiff less than the prevailing rate of wages and benefits to which Plaintiff was entitled.

36. The agreement to pay Plaintiff the prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c was made for the benefit of Plaintiff.

37. Pursuant to NY Public Health Law § 3614-c, governmental agencies "must obtain a written certification from the licensed home care services agency or other third party, on forms prepared by the department in consultation with the department of labor, which attests to the licensed home care services agency's or other third party's compliance with the terms of this section. Such certifications shall also obligate the certified home health agency, long term home health care program . . . to obtain . . . on no less than a quarterly basis, all information from the licensed home care services agency or other third parties necessary to verify compliance with the terms of this section. Such certifications and the information exchanged pursuant to them shall be retained by all certified home health agencies, long term home health care programs, or managed care plans, and all licensed home care services agencies, or other third parties for a period of no less than ten years, and made available to the department upon request."

38. Upon information and belief, Defendant made the required certifications concerning compliance with the wage provisions of NY Public Health Law § 3614-c.

39. Ms. Dixon did not receive education, pension or health insurance benefits, or a flex card.

## FIRST CLAIM FOR RELIEF
(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]" including Plaintiff.

42. Throughout the relevant statute of limitations period, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

43. Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.1)

44. Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45. Throughout the relevant statute of limitations period, Defendant did not pay Plaintiff the New York minimum wage for all hours worked.

46. Defendant's failure to pay Plaintiff the New York minimum wage was willful.

47. Plaintiff seeks damages in the amount of her unpaid minimum wage compensation, liquidated damages as provided by the New York Labor Law for minimum wage violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

50. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and are entitled to overtime.

51. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

52. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.* N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

55. Throughout the relevant statute of limitations period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

56. Plaintiff seeks damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.4)

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. Throughout the relevant statute of limitations period, Plaintiff's workdays regularly lasted more than ten (10) hours.

59. Throughout the relevant statute of limitations period, Defendant willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum

hourly wage rate when Plaintiff's workday lasted more than ten (10) hours, as required by New York law.

60. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Defendant did not provide Plaintiff with the notices or wage statements required by N.Y. Lab. Law § 195.

63. As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract)

64. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

65. Upon information and belief, Defendants entered into contract(s) with government agencies that required Defendants to pay Plaintiffs wages as required by NY Public Health Law § 3614-c.

66. Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

67. From around August 2016 to February 2019, Plaintiff furnished labor to Defendant in furtherance of Defendant's performance of the contract(s).

68. Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by NY Public Health Law § 3614-c.

69. Upon information and belief, at all times relevant to this complaint, Defendant was required to certify and did certify that it paid Plaintiff wages as required by NY Public Health Law § 3614-c.

70. Plaintiff, as a third party beneficiary of Defendant's contract with government agencies to pay wages as required by the NY Health Care Worker Wage Parity Act is entitled to relief for the breach of this contractual obligation and the violation of this Act, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, to be paid by Defendant;

B. Liquidated damages and penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York            Respectfully submitted,
        March 12, 2020


                                        By: /s/ Finn W. Dusenbery_____
                                            Finn W. Dusenbery
                                            LAW OFFICE OF FINN W. DUSENBERY
                                            57 W. 57th St, 4th Fl
                                            New York, NY 10019
                                            Tel: (212) 583-0030
                                            Fax: (646) 786-3250

                                            *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.